UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: Victoria Harris,<br>　　　Debtor | Case No. 10-34430-DOT<br>Chapter 13 |
| MSO Properties, LLC,<br>　　　Movant | |
| 　　　v. | |
| Victoria Harris and<br>Robert E. Hyman, trustee,<br>　　　Respondants | |

**SUPPLEMENTAL MEMORANDUM OPINION**

On September 8, 2010, this court entered its order granting the motion of MSO Properties, LLC, for relief from the automatic stay to pursue its state court remedies against debtor Victoria Harris. This memorandum opinion supplements but does not replace that order.

**Findings of Fact.**

There appears to be no dispute between the parties as to the following:

1.  Prior to September 29, 2009, Harris was the owner of real property (the Property) located at 5501 Gatebridge Rd., Richmond, VA.

2.  Foreclosure of the Property was conducted on September 29, 2009, at which MSO was the purchaser of the Property.

3.  MSO commenced an unlawful detainer proceeding in the General District Court for Chesterfield County, VA, in which the Chesterfield County General District Court awarded possession of the Property to MSO.

1

4. The appeal bond in the unlawful detainer action was set at $9,100.00.

5. Harris appealed the decision of the General District Court to the Circuit Court for Chesterfield County, VA, Case No. CL 10-341, but failed to post the full $9,100.00 appeal bond.

6. The Circuit Court for Chesterfield County, VA, dismissed the appeal on June 2, 2010, for Harris' failure to post the full appeal bond and issued a writ of possession to allow MSO to cause defendant to be removed from the Property and to take possession of the Property.

7. The Circuit Court also denied Harris' motion to stay the enforcement of the unlawful detainer proceedings.

8. Harris has appealed the dismissal ruling of the Circuit Court for Chesterfield County, VA, to the Virginia Supreme Court.

9. MSO has also commenced an action to recover money damages from Harris, which action has been consolidated into General District Court action CL 10-341. No action has been taken on that complaint.

10. Harris has also filed a petition in the Chesterfield County, VA, Circuit Court to set aside the foreclosure of the Property.

11. Harris filed her chapter 13 bankruptcy case on June 23, 2010.

12. The automatic stay of the Bankruptcy Code stayed further action in any of the actions pending in the state courts of Virginia.

In addition to the facts listed above, the court makes the following findings:

2

1. In the Statement of Financial Affairs filed by Harris in her bankruptcy case, Harris does not disclose the September 29, 2009, repossession as required in Questions 4 and 5.

2. In the Statement of Financial Affairs filed by Harris in her bankruptcy case, Harris does not disclose any of the pending litigation as required in Question 4.

3. Debts listed by Harris are $34,988.88 in unsecured debt and $7,925.00 in debt secured by vehicles. No mortgage debt is listed.

4. The subject real Property is listed under Schedule A of Harris' bankruptcy schedules as being owned in fee simple and as the subject of a secured claim in the amount of $175,000.00.

5. MSO is listed as an unsecured creditor with a claim of $0.00 in Harris' Schedule F.

**Conclusions of Law.**

MSO has moved for relief from the automatic stay to proceed in the state court actions. Harris opposes such relief, arguing that her rights were violated in the state court actions. In her proposed "Order Dismissing Motion for Relief," Harris argues that she is "filing a Complaint, in this Court, in order for her case to be heard, in this forum, on the merits, due to errors and denials of her rights occurring in state court, especially the denial of due process."

Essentially, Ms. Harris argues that this court should supplant the decision of the Virginia state courts with this court's own opinion, revisiting issues that have necessarily

3

previously been addressed by the Virginia state courts. This we cannot do for two reasons, comity and judicial economy.

The court equates the motion for relief filed by MSO with a motion for voluntary abstention. 28 U.S.C. § 1334(c)(1) states that nothing prevents the court from abstaining "in the interest of justice, or in the interest of comity with State courts or respect for State law…." The factors to be considered have been set forth in numerous federal opinions, notably *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1 (1983) and *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976). The four criteria used in deciding whether to abstain are which court first assumed jurisdiction over property involved in the litigation, inconvenience of the federal forum, avoidance of piecemeal litigation, and the order in which the concurrent forums obtained jurisdiction. *Moses H. Cone Mem'l Hosp.*, 460 U.S. 1, 15-16 (1983) (*citing Colorado River Water Conservation District,* 424 U.S. 800, 818-819 (1976)).

In addition, Courts have considered several other factors when determining whether to exercise permissive abstention:

> (1) the court's duty to resolve matters properly before it; (2) the predominance of state law issues and non-debtor parties; (3) the economical use of judicial resources; (4) the effect of remand on the administration of the bankruptcy estate; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) whether the case involves questions of state law better addressed by the state court; (7) comity considerations; (8) any prejudice to the involuntarily removed parties; (9) forum non conveniens; (10) the possibility of inconsistent results; (11) any

expertise of the court where the action originated; and (12) the existence of a right to a jury trial.

*Blanton v. IMN Fin. Corp.*, 260 B.R. 257, 265 (M.D.N.C. 2001). *See also Dunes Hotel Assocs. v. Hyatt Corp. (In re Dunes Hotel Assocs.)*, No. CIV.A. 94-75715-W, 1996 WL 33340785, at *7 (Bankr. D.S.C. July 11, 1996).

In this case, the property has been the subject of state court litigation since the initial filing of the unlawful detainer action in 2009. This court only recently obtained jurisdiction of the property. Further, the general district court has rendered a ruling on the unlawful detainer issue. The court notes that this ruling must necessarily have included a resolution of the issue of the validity of the foreclosure. While the order is not final, due to the appeal to the Virginia Supreme Court, the state court case is not newly filed. In fact, it appears to be substantially completed, and it would be a waste of resources to require the parties to begin the process again in this court. Evaluating all of the factors listed above, the court finds that the matter is best litigated in state court.

At the heart of the matter is the troubling assertion by Harris that she filed her bankruptcy case in order to have her case heard here "due to errors and denials of her rights occurring in state court." Ultimately, it touches on the issues of comity set forth above. While a party may certainly choose a forum in which to have its complaint heard, it may not ask the federal court to act as an appellate court for state court litigation. This concern is reflected in the *Rooker-Feldman* doctrine, which bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] court proceedings commenced and inviting [federal] court review and rejection

5

of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

This court is not invoking the *Rooker-Feldman* doctrine but rather considers its purposes as yet another factor in the equation when deciding whether abstention would be warranted. Adding the concerns raised in *Rooker-Feldman* to a review of the abstention factors outlined above leads to the inescapable conclusion that this court should leave the determination of the validity of the foreclosure and all issues attendant thereto to the jurisdiction of the state courts of Virginia, which are well versed in those issues and have a paramount interest in preserving the status of real estate transfers in the state. Accordingly, the court has granted relief from the automatic stay to MSO for the purpose of proceeding with the state court litigation with Harris.

Entered September 21, 2010

/s/ Douglas O. Tice Jr.
Chief United States Bankruptcy Judge

Copies:

Darryl A. Parker
3113 W. Marshall Street
Suite 2A
Richmond, VA 23230
*Attorney for debtor*

Victoria Harris
5501 Gatebridge Road
Richmond, VA 23234
*Debtor*

Robert E. Hyman
P.O. Box 1780
Richmond, VA 23218-1780
*Chapter 13 trustee*

6

Eric David White
Samuel I. White, P. C.
1804 Staples Mill Road, Suite 200
Richmond, VA 23230
*Attorney for Movant*